**EXHIBIT A-2**

Received & Filed 8/16/2024 2:00 AM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 90975073

CAUSE NO. 24-002325-CV-472 _____

| | | |
|---|---|---|
| **BRANAUN GALENTINE,** *Plaintiff,* | § § § | IN THE DISTRICT COURT OF |
| v. | § § | _____ JUDICIAL DISTRICT |
| **CITY OF COLLEGE STATION, CHIEF BILLY COUCH** *Defendants,* | § § § § § | OF BRAZOS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Branaun Galentine ("Plaintiff") hereinafter referred to as Plaintiff files this Original Petition against Defendants City of College Station, Chief Billy Couch ("Defendants") hereinafter referred to as Defendant, and in support thereof show as follows:

### II. PARTIES

1. Plaintiff, **Branaun Galentine,** is a resident of Harris County, Texas.

2. Defendant City of College Station

3. Defendant City of Bryan

4. Defendant Brazos County

5. Defendant, Chief Billy Couch

6. Defendant, Officer, Stadler

7. Defendant, Officer, John Alger

## I. FACTS

Branaun Galentine was a promising young man despite being from an impoverished community of Fifth Ward, Texas. Although his neighborhood was challenging he worked hard and rose to the very top of his class graduating as the number one student, valedictorian Class of 2016. He was a star athlete as well. He earned scholarships for academics and athletics. He was celebrated and his achievements garnered media attention in his hometown of Houston, Texas. He could have attended nearly any university in the nation but chose to stay close to home and accept a scholarship offer from Texas A&M University located in College Station, Texas, in Brazos County. He believed Texas A&M was one of the best universities in the world at the time he graduated high school. He had goals of becoming a meteorologist. His very first week of school two TAMU students met him with anger and disgust they passed by Plaintiff in their vehicle while Plaintiff was standing outside and yelled out the car window "Nigger," "Black Motherfucker," "Go back to the Slumps," "You don't belong here." Leaving him dumbfounded on what could have provoked such behavior but also in pure disbelief. He did not report the incident and continued with his day. Later that afternoon. TAMU officer arrived at his home stating they wanted to investigate an accusation that he had pointed a firearm at the two students on the highway. Officers believed those students of Mr. Galentine.

On another occasion several officers pinned him against the table stand in the booking area and as they proceeded to remove the handcuffs, one of the officers took his

1

wrist and bent it completely back and popping noise could be heard and as the days went on, agonizing pain followed He was diagnosed with a fractured/broken wrist. Those are examples of Plaintiff's experience in Brazos County.

These experiences never ceased. He was arrested over 20 times without any convictions other than one traffic violation. Despite the lack of convictions there are several public booking photos throughout the internet. Mr. Galentine attempted to put a stop to the treatment he received so he could live in Brazos County in peace. He contacted and made attempts to lodge complaints to Chief Couch about the numerous arrests without probable cause but his complaints were ignored. Chief Couch failed to discipline his officers or re-train his officers on the constitutional limits of arrests and detentions causing arrests and detentions without probable cause or reasonable suspicion first. As a result of his failures Plaintiff has been wrongfully stopped, accused of breaking the law all without probable cause. There was no probable cause for any arrest associated with any of the charges he was arrested for, in Cause Number 21020598 drive in center lane - not passing, not turning, cause no. 20014748 speed 25 mph or more over posted limit 60/30, cause no. 21020598, cause no. 22002148 disorderly conduct threat or abuse, cause no. 22002149 assault contact. Body camera footage has captured most of these events, including the misdemeanor assault contact charge when he allegedly struck CSPD officer Staler. The officer falsified government documents in the form of the facts included in his police report stating that Mr. Galentine had assaulted him when in reality it was the officer who ran up to

2

Mr. Galentine and grabbed him as Mr. Galentine tried to leave. that resulted in Mr. Galentine's arrest for assault contact blatantly contradicted by the body worn camera. As a result of the numerous false arrest booking photos have been generated and publicly disseminated. The numerous false arrests and mugshots have affected his ability to obtain employment. On one occasion a store manager, of a prospective employer, Dan Franti admitted after performing an internet search using Google, social media sites, the correctional offender network, and other free online public searches to obtain any information that the Google search revealed multiple mentions of criminal charges arising out of Texas as well as mugshots matching the likeness of Mr. Galentine. Mr. Franti "called Mr. Galentine and informed him that due to the information obtained from the Google search, the interview previously scheduled for November 6th was canceled." Mr. Galentine continues to suffer from the actions of the Brazos county area officers although he has graduated from Texas A&M with honors, and is no longer in the county.

### III. JURISDICTION AND VENUE

8. This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this court.

9. Venue is proper in Brazos County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred here.

### V. CAUSES OF ACTION

Plaintiff incorporates the preceding paragraphs herein to support the claims of Federal Malicious Prosecution, False Imprisonment, Fourth Amendment Unlawful Seizure, Retaliation and Conspiracy to Obstruct Justice.

## VI. DAMAGES

10. Plaintiff adopts and incorporates by reference each and every factual allegation in the preceding paragraphs as though fully set forth herein.

11. Plaintiff seeks all damages allowed by law as a result of the aforementioned forming the basis for each of Plaintiff's causes of action. Plaintiff requests damages within the jurisdictional limits of the Court.

12. The damages sustained by Plaintiff were proximately caused by Defendants as set forth herein.

13. Plaintiff is further entitled to reasonable attorneys' fees and costs in pursuing this matter, and any other reasonable and necessary damages as allowed 42 U.S.C section 1988.

14. As a direct and proximate result of the malicious and outrageous conduct of Defendants as previously described, Plaintiff suffered and continues to suffer emotional distress, mental anguish, pain and consternation associated with being unlawfully retaliated against. Accordingly, Plaintiff requests Defendants to pay, jointly and severally, all damages recoverable under the law to the Plaintiff, including the following: Compensatory damages, emotional distress, mental anguish, and deprivation of legal rights, punitive damages, pre-judgment interest, post-judgment interest, costs of suit and fees as allowable by law,

attorneys' fees under 42 U.S.C. sections 1983 and 1988 and Texas Civil Practice and Remedies Code section 101.0215 and expert fees under 42 U.S.C. sections 1981 and 1981a. Any other such relief is deemed just and proper.

## VII. JURY DEMAND

Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests and demands a trial by jury.

## IX. INJUNCTIVE RELIEF

Remove all indications of criminal arrest that have failed to result in convictions and booking photos where they may be found.

## X. PRAYER

15. Plaintiff respectfully prays that Defendants be cited to appear and answer this petition. Plaintiff also respectfully prays for judgment against Defendants, jointly and severally, for:

   a. Compensatory damages in an amount which is fair and reasonable;
   b. Attorneys' fees pursuant to federal and state law;
   c. Exemplary damages for the Defendants' malicious and outrageous conduct;
   d. Pre- and post-judgment interest at the maximum rate allowed by law;
   e. Loss of enjoyment of life damages;
   f. Emotional distress;
   g. Physical pain & suffering;
   h. Mental anguish damages;
   i. Deprivation of legal rights;
   j. Expert fees;
   k. Costs and expenses of Court; and

Date Submitted : 12/13/2024 03:50 PM

l. General relief, such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully Submitted,
/s/ U.A. Lewis
U.A. Lewis
Lewis Law Group, PLLC
State Bar No. 24076511
P.O. Box 27353
Houston, TX 77227
Tel: (713) 570-6555
Fax: (713) 581-1017
myattorneyatlaw@gmail.com
Attorney for Plaintiff

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

U.A. Lewis on behalf of U.A. Lewis
Bar No. 24076511
myattorneyatlaw@gmail.com
Envelope ID: 90975073
Filing Code Description: Petition
Filing Description: PLAINTIFF'S ORIGINAL PETITION
Status as of 8/16/2024 8:43 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| U.A. LEWIS | | MYATTORNEYATLAW@GMAIL.COM | 8/16/2024 2:00:45 AM | SENT |
| U.A. Lewis | | office@thelewislaw.com | 8/16/2024 2:00:45 AM | SENT |