United States District Court
Southern District of Texas
**ENTERED**
June 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANAUN GALENTINE, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-50 |
| | § | |
| CITY OF COLLEGE STATION, | § | |
| *et al.*, | § | |
| *Defendants*. | § | |
| | § | |

**ORDER**[1]

Plaintiff filed a complaint, initiating this lawsuit in a Brazos County court, on August 16, 2024, against Defendants City of College Station, Texas ("College Station"), City of Bryan, Texas ("City of Bryan"), Brazos County, Texas ("Brazos County"), Chief Billy Couch ("Couch"), Officer Stadler ("Stadler"), and Officer John Alger ("Alger").[2] Pl's Original Pet., ECF No. 1-3. On January 6, 2025, College Station timely removed the case to the Southern District of Texas. Notice of Removal, ECF No. 1. On February 21, 2025, Plaintiff filed his first amended complaint, adding Wayne Dickey ("Dickey") as a Defendant. ECF No. 16. The filing of the amended complaint mooted the pending motion to dismiss. *See* Order, ECF

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 13.

[2] The City of Bryan and Alger have since been dismissed as Defendants. Pl.'s Notice of Voluntary Dismissal, ECF No. 24; Order, ECF No. 28.

No. 17. Since then, Defendants filed multiple motions to dismiss. ECF Nos. 18, 19, 20, 25.[3] Plaintiff then filed a second amended complaint, ECF No. 26, without leave of Court or agreement of counsel, so the Court struck the amended complaint, Order, ECF No. 27. After the Court's order striking that amendment, Plaintiff filed the same document styled as a response to College Station's and Couch's motion to dismiss, ECF No. 25. Pl.'s Resp., ECF No. 29.[4]

Despite filing a response to one motion to dismiss, to date, Plaintiff has failed to respond to Brazos County's motion to dismiss, ECF No. 20. Plaintiff is **ORDERED** to file a response by July 1, 2025.

Finally, proof of timely service of the complaint to Defendants has not been filed with the Court. Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See* FED. R. CIV. P. 4(m). Rule 4(l) requires proof of service to be made to the

[3] City of Bryan's motion to dismiss, ECF No. 18, and Alger's motion to dismiss, ECF No. 19, are moot since Plaintiff voluntarily dismissed them, ECF No. 24.

[4] Plaintiff sought to add Rodney E. Sigler ("Sigler") as an additional Defendant in his second amended complaint. ECF No. 26. However, because the Court struck this amendment, Sigler is not a Defendant in this case.

court, unless service is waived.[5] FED. R. CIV. P. 4(l). Plaintiff is **ORDERED** to file proof of service by July 1, 2025.

If Plaintiff fails to comply with this Order, Plaintiff's claims may be subject to dismissal without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b). Alternatively, if Plaintiff no longer seeks to pursue these claims, he may file a notice of dismissal under FED. R. CIV. P. 41(a).

Signed at Houston, Texas, on June 18, 2025.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**

[5] Because College Station, Couch, and Brazos County filed motions to dismiss without addressing insufficient service of process, these Defendants have waived service. *See Johnson v. Yoakum Cmty. Hosp.*, No. 6:21-CV-00018, 2021 WL 4520263, at *4 n.6 (S.D. Tex. Oct. 1, 2021) (adopting recommendation that found defendants "waived service by filing motions to dismiss that did not raise a service-related argument"); *Jones v. Becnel*, No. CIV.A. 15-713, 2015 WL 4677543, at *4 n.15 (E.D. La. Aug. 6, 2015) ("Although service was improper as to Shaw, she waived this defense by filing a motion to dismiss that did not raise it." (citing FED. R. CIV. P. 12(h))).