Case 4:25-cv-00050   Document 32   Filed on 07/10/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANAUN GALENTINE, <br> *Plaintiff*, <br><br> v. <br><br> CITY OF COLLEGE STATION, et al, <br> *Defendants*. | § § § § § § § § § § § | Case No. 4:25-cv-50 |

# JUDGE DENA PALERMO'S
# REPORT AND RECOMMENDATION[1]

This is a false imprisonment and malicious prosecution case. Pl.'s Am. Compl., ECF No. 16.[2] On August 16, 2024, Plaintiff filed a complaint, initiating this lawsuit in a Brazos County court against Defendants City of College Station, Texas ("College Station"), City of Bryan, Texas ("City of Bryan"), Brazos County, Texas ("Brazos County"), Chief Billy Couch ("Chief Couch"), Officer Stadler ("Stadler"), and Officer John Alger ("Alger").[3] Pl's Original Pet., ECF No. 1-3. On January 6, 2025, College Station timely removed the case to the Southern District of Texas. Notice of Removal, ECF No. 1. On February 21, 2025, Plaintiff filed his first

---

[1] The district judge to whom this case is assigned referred all pre-trial proceedings to the undersigned. Referral Order, ECF No. 13.

[2] Plaintiff brings these causes of action against each Defendant: "Federal Malicious Prosecution, False Imprisonment, Fourth Amendment Unlawful Seizure, Retaliation, Equal Protection and Conspiracy to Obstruct Justice." *Id.* at 9.

[3] The City of Bryan and Alger have since been dismissed as Defendants. Pl.'s Notice of Voluntary Dismissal, ECF No. 24; Order, ECF No. 28.

1

amended complaint, adding Wayne Dickey ("Dickey") as a Defendant. Pl.'s Am. Compl., ECF No. 16. The filing of the amended complaint mooted the pending motion to dismiss. *See* Order, ECF No. 17. Since then, Defendants filed multiple motions to dismiss. ECF Nos. 18, 19, 20, 25.[4] Plaintiff then filed a second amended complaint, ECF No. 26, without leave of Court or agreement of counsel, so the Court struck the amendment, Order, ECF No. 27. Thereafter, Plaintiff filed the same document styled as a response to College Station and Chief Couch's motion to dismiss, ECF No. 25. Pl.'s Resp., ECF No. 29.[5]

The Court ordered Plaintiff to respond to Brazos County's motion to dismiss, ECF No. 20, and provide proof of service for Defendants. Order, ECF No. 30 at 2–3. To date, Plaintiff has not complied with the Court's directives. Specifically, Plaintiff failed to respond to Brazos County's motion to dismiss. Likewise, Plaintiff failed to provide proof of service against Defendants Stadler and Dickey. Because Plaintiff failed to prosecute this action against these Defendants and comply with the Court's orders, the Court recommends that the case be dismissed against Brazos County, Stadler, and Dickey under Federal Rule of Civil Procedure 41(b).

---

[4] City of Bryan's motion to dismiss, ECF No. 18, and Alger's motion to dismiss, ECF No. 19, are moot since Plaintiff voluntarily dismissed them, ECF No. 24.

[5] Plaintiff sought to add Rodney E. Sigler ("Sigler") as an additional Defendant in his second amended complaint. ECF No. 26. However, because the Court struck this amendment, Sigler is not a Defendant in this case.

I.  **BACKGROUND**

Plaintiff alleges that during his first week of school at "Texas A&M University, which is located in College Station, Texas, in Brazos County," he was investigated by the university's police officers for brandishing a firearm, and the officers refused to believe his lack of involvement. ECF No. 16 at 2. He also alleges that he experienced several instances of excessive force while in Brazos County. *Id.* at 3. He further alleges that he was arrested multiple times without probable cause based on racial profiling, and that his mugshots, which remain online, harm his job prospects. *Id.* at 3–5. According to Plaintiff, Brazos County, College Station, "police chief Couch," and "Sheriff Wayne Dickey" engaged in several acts or omissions that allowed these incidents to occur. *Id.* at 3–9. He seeks damages and any other relief to which he is entitled. *Id.* at 10.

On March 7, 2025, Brazos County filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), arguing, among other things, that Plaintiff has failed to plead a waiver of sovereign immunity. Mot. Dismiss, ECF No. 20 at 12. Plaintiff's response was due on March 28, 2025. When Plaintiff failed to respond, the Court ordered Plaintiff to respond by July 1, 2025. ECF No. 30. To date, Plaintiff has not responded.

In addition, because Plaintiff had not filed proof of timely service of the complaint on Defendants Stadler and Dickey, the Court ordered Plaintiff to file proof

3

of service by July 1, 2025. *Id.* at 3. Plaintiff has not filed anything or otherwise communicated with the Court since April 18, 2025. *See* ECF No. 29 (Plaintiff's most recent filing). In the order, the Court warned Plaintiff that failure to respond to the motion to dismiss or file proof of service may result in his case being dismissed for want of prosecution. *Id.*

## II.  PLAINTIFF'S LAWSUIT AGAINST BRAZOS COUNTY, STADLER, AND DICKEY SHOULD BE DISMISSED FOR WANT OF PROSECUTION.

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Castillo v. Becka*, No. 2:21-CV-00162, 2022 WL 5264612, at *2 (S.D. Tex. Aug. 31, 2022), *adopted*, No. 2:21-CV-00162, 2022 WL 5264650 (S.D. Tex. Oct. 6, 2022) (quoting Fed. R. Civ. P. 41(b)). Pursuant to this rule, the Court "has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties," which flows from the Court's "inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Id.* (first quoting *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (per curiam); and then quoting *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (internal citation omitted)).

Generally, a dismissal for want of prosecution is without prejudice. *Id.* at *3 (citing *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987,

4

at *1 (N.D. Miss. Mar. 17, 2021)). "[A] dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Id.* (citing *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988))). Rule 41(b) dismissal is "an extreme sanction" which requires: (1) a clear record of delay or contumacious conduct by Plaintiff; and (2) a finding that lesser sanctions would be, or proved to be, futile. *See id.* (first citing *Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992); and then citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). Frequently, the Court requires proof of at least one aggravating factor: (1) Plaintiff and not Plaintiff's attorney caused the delay, (2) Defendants were prejudiced because of the delay, or (3) the delay is intentional. *Lancon*, 2019 WL 1046951, at *2 (first citing *Papasan*, 842 F.2d at 790; and then citing *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)).

In the nearly four months since its filing, Plaintiff has not filed a response to Brazos County's motion to dismiss despite the Court's order to do so. Additionally, Plaintiff has not provided proof of service of any of the Defendants, as the Court ordered. These facts constitute a clear record of delay supporting dismissal. *Castillo*, 2022 WL 5264612, at *2 (collecting cases) ("Dismissal is warranted, because

5

Plaintiff failed to update the Court regarding her search for new counsel, failed without excuse to attend a scheduled hearing, failed to respond to Defendant's motion to dismiss, and failed otherwise to communicate with the Court.").

The Court unsuccessfully admonished Plaintiff, a lesser sanction. In the order discussed above, the Court warned Plaintiff that failure to respond to the motion to dismiss may result in the case being dismissed for lack of prosecution. ECF No. 30 at 3. The Court also warned Plaintiff that failure to provide proof of service of the unserved Defendants may result in those parties' dismissal from the lawsuit. *Id.* Also in this order, the Court extended Plaintiff's deadline to respond to the motions as well as Plaintiff's service deadline—again, futile efforts. *Id.* at 2–3. In sum, the Court finds that sanctions other than dismissal would be pointless. It appears that Plaintiff has abandoned his suit against Brazos County, Stadler, and Dickey.

Plaintiff's failure to respond to the motion and serve Defendants, despite an order and ample time to do so, cannot be characterized as anything but intentional. *See Lancon*, 2019 WL 1046951, at *3. Accordingly, the Court recommends dismissing this case against Brazos County, Stadler, and Dickey with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See id.*; *see also Castillo*, 2022 WL 5264612, at *2.

### III. CONCLUSION

The Court **RECOMMENDS** that Plaintiff's claims against Defendants

6

Brazos County, Officer Stadler, and Wayne Dickey be **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b). The claims against the Defendants College Station and Chief Couch remain.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); F̲ED̲. R. C̲IV̲. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on July 10, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**