United States District Court
Southern District of Texas
**ENTERED**
July 22, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BRANAUN GALENTINE, *Plaintiff*, | § § § | |
| v. | § | Case No. 4:25-cv-50 |
| CITY OF COLLEGE STATION, et al., *Defendants*. | § § § § § | |

## JUDGE PALERMO'S REPORT AND RECOMMENDATION

This is a civil rights case. Before the Court is Defendants City of College Station ("Defendant" or "College Station") and Chief Billy Couch's ("Defendant" or "Couch") (collectively, "Defendants") motion to dismiss. Mot. Dismiss, ECF No. 25.[1, 2, 3] Having carefully considered the parties' briefings and applicable law,

[1] The district judge to whom this case is assigned referred this case for all pretrial proceedings. Referral Order, ECF No. 13. A motion to dismiss is appropriate for a report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016).

[2] When Plaintiff filed his first amended complaint (the operative complaint), there were five other defendants in this case. *See* Pl.'s 1st Am. Compl., ECF No. 16 at 1–2. However, Plaintiff voluntarily dismissed City of Bryan and John Algers, Pl.'s Notice, ECF No. 24, and failed to prosecute his case against Brazos County, Officer Stadler, and Wayne Dickey. *See* R. & R., ECF No. 32.

[3] Plaintiff filed a response styled as a second amended complaint. *See* Resp., ECF No. 29. However, Plaintiff did not seek leave of court or obtain opposing counsel's consent before filing this alleged amendment. Plaintiff claims that opposing counsel gave its consent, referencing the communication by Defendants' counsel that says, "Please let me know by January 24, 2025, whether you intend to amend or supplement Mr. Galentine's pleading." ECF No. 25-1 at 3. However, this invitation was most likely referencing the amendment of Plaintiff's *original* petition, rather than the first amended complaint, which was not filed until February 21, 2025, after

the Court determines that the motion should be granted because Plaintiff Branaun Galentine's ("Plaintiff" or "Galentine") claims do not subject College Station to municipal liability, and qualified immunity bars Plaintiff's claims against Couch.

## I. BACKGROUND

These facts are taken from Plaintiff's amended complaint and are presumed to be true. Plaintiff alleges he attended Texas A&M University ("TAMU"), in College Station, Texas. ECF No. 16 at 2. He asserts that, during his first week of school, two TAMU students hurled racist and other discriminatory remarks at him, and TAMU officers later came to his residence to investigate an accusation that he had brandished a firearm at two students on the highway. *Id.* He further alleges that the officers believed the two students rather than Plaintiff. *Id.*[4]

Plaintiff contends that he was arrested over twenty times and that, despite only one arrest resulting in a traffic-related conviction, several public booking photos from the arrests remain accessible on the internet. *Id.* at 3. He alleges that he "contacted and made attempts to lodge complaints to Chief Couch about the numerous arrests without probable cause but his complaints were ignored." *Id.* He also alleges that Couch's failure to train or discipline his officers "on the

which Defendants filed their motion to dismiss on March 27, 2025. Accordingly, the Court construes Plaintiff's response solely as a response and not as a second amended complaint.

[4] From the pleadings it is unclear whether the two students who accused Plaintiff are the same two students who verbalized insults against him.

constitutional limits of arrests and detainments causing [sic] arrests and detainment without probable cause or reasonable suspicion first," and that, "[a]s a result of his failures Plaintiff has been wrongfully stopped, accused of breaking the law all without probable cause." *Id.* Additionally, he asserts that "[t]he defendants each conspired to violation [sic] Mr. Galentines' [sic] constitutional rights." *Id.* at 4. He further alleges that he was "subjected to excessive force during his encounters with … the City of College Station officers." *Id.* at 5. Finally, Plaintiff alleges a host of other omissions against Couch, such as a lack of protocols and/or written policies regarding the use of force during arrests or the dissemination of mugshots. *Id.* at 7–8.

Plaintiff brought claims for "Federal Malicious Prosecution, False Imprisonment, Fourth Amendment Unlawful Seizure, Retaliation, Equal Protection and Conspiracy to Obstruct Justice against each defendant," seeking damages and an injunction forcing Defendants to "[r]emove all indications of criminal arrest that have failed to result in convictions and booking photos where they may be found." *Id.* at 9–10.[5] Defendants thereafter filed this motion to dismiss, asserting, among other things, that municipal liability does not apply to College Station, and Couch is

[5] Plaintiff clarified in his response to Defendants' motion to dismiss that "Plaintiff has not sought any state law claims against these defendants therefore the Texas tort claims defenses do not apply and will not be addressed." ECF No. 29 at 3. Accordingly, the Court construes all of Plaintiff's claims as federal claims.

protected by qualified immunity. *See generally*, ECF No. 25.

## I. THE MOTION TO DISMISS STANDARDS.

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). If a Rule 12(b)(1) motion is filed with other Rule 12 motions, the court considers the jurisdictional attack under Rule 12(b)(1) before addressing the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting jurisdiction, who must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). A court can find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020) (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).

### B. Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Motions to dismiss under Rule 12(b)(6)

are viewed with disfavor and are rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

The complaint must include more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). A complaint must "contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the pleaded factual contents allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012). "[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

The ultimate question "is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff." *Brown v. Bd. of Trustees Sealy Indep. Sch. Dist.*, 871 F. Supp. 2d 581, 590 (S.D. Tex. 2012). "[I]n considering a

motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true." *Duke Energy Int'l, L.L.C. v. Napoli*, 748 F. Supp. 2d 656, 665 (S.D. Tex. 2010). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Farshchi v. Wells Fargo Bank, N.A.*, Civ. Action No. H-15-1692, 2016 WL 2858903, at *2 (S.D. Tex. May 13, 2016) (citing *Flynn v. State Farm Fire & Cas. Ins. Co. (Tex.)*, 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009)).

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE HE FAILED TO ADEQUATELY PLEAD MUNICIPAL LIABILITY AGAINST COLLEGE STATION UNDER *MONELL*, AND COUCH IS ENTITLED TO QUALIFIED IMMUNITY.

### A. Municipal Liability

In *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 690 (1978), the Supreme Court held that municipalities could be liable for monetary, declaratory, and injunctive relief in proceedings brought under 42 U.S.C. § 1983. "To state a claim under Section 1983, 'a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.'" *North v. Harris Cent. Appraisal Dist.*, No. 4:23-CV-04067, 2024 WL 3976853, at *5 (S.D. Tex. Aug. 27, 2024) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). "Thus, without the showing of a constitutional violation, a *Monell* claim cannot survive." *Terrell v. Town of*

*Woodworth*, No. 23-30510, 2024 WL 667690, at *10 (5th Cir. Feb. 19, 2024) (citing *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012)).

The Court therefore examines whether Plaintiff has pleaded a constitutional violation. Besides "Fourth Amendment Unlawful Seizure," Plaintiff includes a claim for "False Imprisonment" and "Federal Malicious Prosecution," both of which the Court construes as Fourth Amendment claims.[6] In addition, he includes "Equal Protection," which the Court construes as a Fourteenth Amendment equal protection claim because Plaintiff is suing state, rather than federal, actors.[7] Plaintiff also includes a "Retaliation" claim, which the Court construes as a First Amendment claim for retaliatory arrest.[8] In addition, the Court addresses Plaintiff's allegations

[6] *See Angulo v. Brown*, 978 F.3d 942, 949 (5th Cir. 2020) ("In order to make out a claim for unreasonable seizure, false arrest, or false imprisonment *under the Fourth Amendment*, Angulo must show that he was unreasonably seized." (emphases added)); *see also Reyes v. Harris Cnty.*, No. 4:24-CV-1415, 2025 WL 786618, at *6 (S.D. Tex. Mar. 12, 2025) (citing *Thompson v. Clark*, 596 U.S. 36, 42 (2022)) ("In 2022 … the Supreme Court recognized for the first time that there indeed exists a constitutional malicious prosecution claim *under the Fourth Amendment*, actionable under § 1983." (emphases added)).

[7] *See Santana-German v. United States*, No. 7:13-CR-608-1, 2017 WL 1436411, at *3 (S.D. Tex. Jan. 11, 2017), *report and recommendation adopted*, No. CR M-13-608-1, 2017 WL 1426619 (S.D. Tex. Apr. 20, 2017) (citing *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985)) ("The Equal Protection Clause found in the Fourteenth Amendment, which protects against *actions taken by state actors*, requires that similarly situated persons be treated alike." (emphasis added)).

[8] There is also a First Amendment retaliation claim based on the exercise of free speech. However, it does not apply here as Plaintiff is not alleging that he was a public employee who suffered an adverse employment action by either Defendant. *See Burnside v. Kaelin*, 773 F.3d 624, 626 (5th Cir. 2014) (first citing *DePree v. Saunders,* 588 F.3d 282, 286–87 (5th Cir. 2009); then citing *Click v. Copeland,* 970 F.2d 106, 113 (5th Cir. 1992); and then citing *West v. Atkins,* 487 U.S. 42, 48 (1988)) ("To establish a First-Amendment, free-speech retaliation claim under § 1983, a public employee must show that (1) [he] suffered an adverse employment action; (2) [his] speech involved a matter of public concern; (3) [his] interest in commenting on matters of public concern

of excessive force, failure to train, and failure to discipline, even though they are not listed among the causes of action.

### *1. Fourth Amendment*

#### a. Unlawful Seizure

"The Fourth Amendment confers the right to be free from unreasonable searches and seizures." *Macias v. Watkins*, 696 F. Supp. 3d 283, 291 (S.D. Tex. 2023), *aff'd*, No. 23-40580, 2024 WL 3427047 (5th Cir. July 16, 2024) (citing U.S. CONST. amend. IV). To state a claim of unreasonable seizure, Plaintiff "must allege he was seized within the meaning of the Fourth Amendment and that the seizure was unreasonable." *Perdomo v. City of League City*, 765 F. Supp. 3d 613, 624 (S.D. Tex. 2025) (citing *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989)). "Under the Fourth Amendment, a seizure occurs 'when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" *Macias*, 696 F. Supp. 3d at 291 (quoting *McLin v. Ard*, 866 F.3d 682, 691 (5th Cir. 2017) (internal citation omitted)). "A seizure occurs only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that they were not free to leave." *Id.* (cleaned up) (same (internal quotation omitted)).

Here, Plaintiff alleges that "CSPD officer Staler…ran up to Mr. Galentine and

---

outweighed the defendant's interest in promoting workplace efficiency; and (4) [his] speech was a substantial or motivating factor in the defendant's adverse employment action.").

grabbed him as Mr. Galentine tried to leave." ECF No. 16 at 4.[9] From these circumstances alone, it is unclear whether a reasonable person would have believed that they were not free to leave. *See Dave v. Laird*, No. 1:20-CV-209, 2021 WL 7367084, at *17 (S.D. Tex. Nov. 30, 2021), *adopted*, No. 1:20-CV-00209, 2022 WL 684556 (S.D. Tex. Mar. 8, 2022), and *adopted*, No. 1:20-CV-00209, 2022 WL 889989 (S.D. Tex. Mar. 25, 2022) ("Officer Laird's seizure of Dave began when he grabbed him, took his phone, *and* placed him in handcuffs." (emphasis added)); *United States v. Jeffers*, No. 4:23-CR-00219-SDJ-BD, 2024 WL 5375814, at *5 (E.D. Tex. Oct. 22, 2024), *adopted*, No. 4:23-CR-00219-SDJ-BD, 2025 WL 1239318 (E.D. Tex. Apr. 29, 2025) ("Because 'there is no seizure without actual submission,' Jeffers was not seized for Fourth Amendment purposes until the officers grabbed his arms, *preventing him from continuing down the hall*." (emphasis added) (internal quotation omitted)).

Assuming, arguendo, that Plaintiff adequately alleged a seizure, Plaintiff must also adequately allege that the seizure was unreasonable. "Generally, a seizure is unreasonable, and therefore a violation of the Fourth Amendment, when it is done without probable cause." *Macias*, 696 F. Supp. 3d at 291 (citing *United States v. Kye Soo Lee*, 898 F.2d 1034, 1039 (5th Cir. 1990)).

---

[9] Although unclear from the pleadings, the Court interprets CSPD to mean the College Station Police Department.

Plaintiff alleges throughout his amended complaint that the officers did not have probable cause to arrest him. For instance, he states that "[he] was arrested on multiple occasions without probable cause. None of [his] arrests resulted in convictions." ECF No. 16 at 4. Yet, a lack of convictions "does not negate a finding of probable cause. '[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *Macias*, 696 F. Supp. 3d at 292 (quoting *Deville v. Marcantel*, 567 F.3d 156, 165 (5th Cir. 2009) (per curiam) (internal quotation omitted)).

He also states that "[r]acial bias was a significant factor in Galentine's wrongful arrests. The arrest records did not accurately reflect the details of the incidents and fabricate probable cause." ECF No. 16 at 6. These allegations are nothing more than legal conclusions without factual basis to support them. *See Ripley v. Bexar Cnty., Tex.*, No. SA-21-CV-00333-OLG, 2022 WL 22839767, at *3 (W.D. Tex. Mar. 3, 2022) (first citing *McKey v. August*, No. 16-13642, 2021 WL 3602659, at *8 (E.D. La. Aug. 13, 2021); and then citing *Hartman v. Walker*, No. 1:13-CV-355, 2015 WL 5470261, at *23 (E.D. Tex. Sept. 16, 2015)) (Plaintiff's allegations that "[Defendant] 'falsely and knowingly' provided information that appeared in the police affidavit…and that [Defendant] was 'aware that there was no probable cause' for Plaintiff's arrest" constituted "nothing more than legal conclusions that—without specific factual allegations to support them—are

insufficient to state a constitutional violation by [Defendant].”). The Court is not obligated to accept these conclusory statements.

With respect to Plaintiff's allegation about Officer Staler “falsif[ying] government documents … stating that Mr. Galentine had assaulted him when in reality it was the officer who ran up to Mr. Galentine and grabbed him as Mr. Galentine tried to leave,” ECF No. 16 at 3–4, Plaintiff also fails to allege no probable cause because his alleged evasion supports probable cause. *See Flores v. City of San Benito, Tex.*, No. 1:20-CV-169, 2021 WL 4851839, at *4 (S.D. Tex. Sept. 27, 2021), *adopted*, No. 1:20-CV-169, 2021 WL 4845783 (S.D. Tex. Oct. 18, 2021) (citing *Day v. State*, 614 S.W.3d 121, 128 n.31 (Tex. Crim. App. 2020)) (“[E]ven if the officers did not initially have a valid basis to arrest or detain him, they still had probable cause to arrest him for evading them”).

Plaintiff's Fourth Amendment unlawful seizure claim therefore must be dismissed.

**b. False Imprisonment**

As previously stated, for Plaintiff to make out a claim for false imprisonment under the Fourth Amendment, he must adequately allege that he was unreasonably seized. *Angulo*, 978 F.3d at 949. Because Plaintiff has not done so, *see* §II.A.1.a., his false imprisonment claim must also be dismissed.

**c. Malicious Prosecution**

A plaintiff asserting a § 1983 malicious prosecution claim must plead facts sufficient to prove "an unlawful Fourth Amendment seizure and substantiate the following six elements: '(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages.'" *Santander v. Salazar*, 133 F.4th 471, 482 (5th Cir. 2025) (quoting *Armstrong v. Ashley*, 60 F.4th 262 (5th Cir. 2023) (internal citation omitted)).

Again, because Plaintiff has not adequately alleged an unlawful seizure, *see* §II.A.1.a., his malicious prosecution claim must also be dismissed.

**d. Excessive Force**

"The Fourth Amendment creates a 'right to be free from excessive force during a seizure.'" *Byrd v. Cornelius*, 52 F.4th 265, 270 (5th Cir. 2022) (quoting *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012)). To plead an excessive force claim, Plaintiff must allege that he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Stafford v. Harris Cnty.*, No. 4:22-CV-02147, 2023 WL 6301650, at *4 (S.D. Tex. Sept. 26, 2023) (internal

quotation marks omitted) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)). Although Plaintiff alleges that officers in Brazos County caused him to suffer "a fractured/broken wrist," ECF No. 16 at 3, he does not allege that College Station officers caused the injury. Despite his subsequent allegation that he "was subjected to excessive force during his encounters with … the City of College Station officers," *id.* at 6, this is a conclusory statement that is insufficient to state a claim of excessive force. *See Stafford*, 2023 WL 6301650, at *4 (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)) ("Because Stafford offers only conclusory allegations, he fails to state a claim of excessive force.").

Therefore, Plaintiff's Fourth Amendment excessive force claim should also be dismissed.

***2. Fourteenth Amendment Equal Protection***

Under the Fourteenth Amendment Equal Protection Clause, states are prohibited "from denying to any person within its jurisdiction the equal protection of the laws." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (cleaned up) (quoting U.S. CONST. amend. XIV, § 1). Thus, Plaintiff must plead facts sufficient to show that "(1) he received treatment different from that received by similarly situated individuals and that (2) the unequal treatment stemmed from a discriminatory intent." *Id.* (cleaned up) (quoting *Priester v. Lowndes Cnty.,* 354 F.3d 414, 424 (5th Cir. 2004)). To demonstrate discriminatory intent, a plaintiff must

plead facts sufficient to show "that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (internal quotation marks omitted) (same (internal quotation omitted)). "Allegations of discriminatory intent that are merely conclusory, without reference to specific facts, will not suffice." *Id.* (cleaned up) (quoting *Priester*, 354 F.3d at 420). Plaintiff's allegations regarding College Station's police department having a "history of misconduct involving racial profiling" or "racial discrimination within the department," ECF No. 16 at 5, are therefore deficient, given their lack of reference to specific facts.

The only allegation that discusses differential treatment involves the investigation regarding whether Plaintiff had brandished a firearm at two students, and TAMU police officers "believed those students over Mr. Galentine." ECF No. 16 at 2. Even if Plaintiff were able to establish that he and the two students were similarly situated by reason of, for instance, their alleged student status at the time of the investigation, he fails to show that the officers singled him out for disparate treatment on the basis of his race "at least in part for the purpose of causing its adverse effect on an identifiable group." *Fennell*, 804 F.3d at 412 (quoting *Priester*, 354 F.3d at 420, 424 (internal citation omitted)).

Plaintiff's Fourteenth Amendment equal protection claim therefore must also be dismissed.

### *3. First Amendment Retaliatory Arrest*

"[I]n order to bring a First Amendment claim for retaliatory arrest, a plaintiff generally must first show the absence of probable cause for the arrest, *i.e.*, a Fourth Amendment violation." *Mayfield v. Butler Snow, L.L.P.*, 75 F.4th 494, 500 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 810 (2024) (quoting *Mayfield v. Currie*, 976 F.3d 482 (5th Cir. 2020), *as revised* (Sept. 23, 2020) (internal citation omitted)). While the Supreme Court has recognized a limited exception to the requirement of probable cause in *Lozman v. Riviera Beach*, it has applied that exception only to the specific facts in that case: the plaintiff had alleged an official retaliatory policy, which the Court noted was "a particularly troubling and potent form of retaliation." 585 U.S. 87, 100, 101 (2018) ("The Court need not, and does not, address the elements required to prove a retaliatory arrest claim in other contexts.").

Because Plaintiff has failed to adequately plead an absence of probable cause for the arrests, *see* §II.A.1.a., and he has not alleged facts like the ones in *Lozman*, his First Amendment retaliatory arrest claim likewise must be dismissed.

### *4. Other Claims*

Further, since Plaintiff has not adequately alleged a constitutional violation, any failure to train and failure to discipline claims against College Station must fail.[10]

[10] *See Herbert v. New Orleans City*, No. CV 20-952, 2020 WL 4584192, at *11 (E.D. La. Aug. 10, 2020) (citing *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 178–79 (5th Cir. 2018)) ("Because

So must the "conspiracy to obstruct justice" claim.[11]

In short, because Plaintiff has failed to adequately plead College Station committed an underlying constitutional violation, the city is not subject to municipal liability under § 1983.

### B. Qualified Immunity

It is unclear whether Plaintiff is suing Couch in his official or personal capacity. However, to the extent that any claims are official-capacity claims, because "the municipality is already a defendant, the claims against [Couch] are redundant and [therefore should be] dismissed." *Canales v. Harris Cnty.*, No. 4:23-CV-04599, 2025 WL 1287735, at *7 (S.D. Tex. May 2, 2025) (citing *Hafer v. Melo*, 502 U.S. 21, 27 (1985)).

---

the plaintiff has failed to plausibly state a Fourth Amendment or Fourteenth Amendment violation, Ferguson cannot be liable for any alleged failure to train or discipline based on these asserted constitutional violations."); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation."). Plaintiff's failure to train and failure to discipline claims appear to be based on Fourth Amendment and Fourteenth Amendment violations, given his references to lack of training/discipline with respect to excessive force, unlawful arrest, and racial profiling. *See* ECF No. 16 at 5–7.

[11] Although not a *Monell* claim, a conspiracy under 42 U.S.C. § 1985, including a conspiracy to obstruct justice, requires an underlying constitutional violation. *Goodson v. City of Dallas*, No. 3:25-CV-816-K (BT), 2025 WL 1337119, at *8 (N.D. Tex. May 5, 2025), *adopted*, No. 3:25-CV-816-K (BT), 2025 WL 1397538 (N.D. Tex. May 14, 2025) (citing *Jackson v. Pierre*, 810 F. App'x 276, 281 (5th Cir. 2020)) ("Goodson has not alleged a predicate constitutional violation, so he necessarily fails to allege a § 1985 conspiracy claim."); *Lefebure v. Boeker*, No. CV 17-01791-BAJ-EWD, 2024 WL 2947720, at *2 (M.D. La. June 11, 2024) ("[B]ecause civil conspiracy claims under both § 1983 and § 1985 require an underlying constitutional violation—and there was none here—Plaintiffs civil conspiracy claims against Boeker must be dismissed.").

"Even if the Court were to find that Plaintiff had successfully pleaded [an] individual-capacity claim, however, [Couch] would be entitled to qualified immunity." *Id.* "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). "When an official should have known that their conduct would violate the plaintiff's constitutional rights, however, they are not entitled to qualified immunity." *Id.* (citing *White v. Pauly*, 580 U.S. 73, 79–80 (2017)).

"When evaluating a defendant's qualified immunity defense at the motion to dismiss stage, a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* (quoting *Est. of Bonilla v. Orange Cnty.*, 982 F.3d 298, 306 (5th Cir. 2020) (internal quotation omitted)). "A plaintiff seeking to rebut qualified immunity at this stage must allege: '(1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 732 (2011)).

"The Supreme Court does not require district courts to address both prongs for every case." *Id.* (citing *Pearson*, 555 U.S. at 236). "Rather, courts may find qualified immunity based solely on a plaintiff's failure to clear the clearly

established hurdle." *Id.* (citing *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 331 (5th Cir. 2020)). "When addressing the clearly established requirement in a recent case, the Fifth Circuit noted that overcoming qualified immunity generally 'requires the plaintiff to identify a case—usually a body of relevant case law—in which an officer acting under similar circumstances was held to have violated the Constitution.'" *Id.* (quoting same at 331) "In fact, the Circuit stated, 'we cannot deny qualified immunity without identifying a case in which an officer acting under similar circumstances was held to have violated the Constitutional right, and without explaining why the case clearly proscribed the conduct of that individual officer.'" *Id.* (cleaned up) (same at 345).

Plaintiff has failed to identify a single case where an officer acting under similar circumstances was held to have violated a statutory or constitutional right, and hence also failed to explain why that case clearly proscribed the conduct of that individual officer. *See generally*, ECF Nos. 16, 29. Accordingly, the Court cannot deny Couch qualified immunity.

Because there is no municipal liability against College Station, and Couch is protected by qualified immunity, all of Plaintiff's claims must be dismissed.

## III. CONCLUSION

Therefore, the Court **RECOMMENDS** that Defendant's motion to dismiss, ECF No. 25, be **GRANTED** and that this case be **DISMISSED with PREJUDICE**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed at Houston, Texas, on July 21, 2025.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**