**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRANAUN GALENTINE,** *PLAINTIFF,* | § § | |
| | § | |
| **V.** | § | |
| | § | **CIVIL ACTION NO. 4:25-cv-00050** |
| **CITY OF COLLEGE STATION, et al.,** *DEFENDANTS,* | § § | |
| | § | |

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MOTION FOR LEAVE TO AMEND**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff Branaun Galentine respectfully objects to the Magistrate Judge's Report and Recommendation Dkt. No. 34), which recommends dismissal of Plaintiff's claims under Rule 12(b)(6).

The Recommendation overlooks and disregards numerous well-pleaded factual allegations, improperly construes key claims, and fails to apply controlling precedent governing municipal liability and supervisory accountability. As such, Plaintiff objects to the Recommendation to grant the motion to dismiss, or alternatively grant leave to file a Second Amended Complaint.

## I. STANDARD OF REVIEW

District courts review dispositive matters referred to a magistrate judge de novo. See

Fed. R. Civ. P. 72(b)(3). In reviewing a Rule 12(b)(6) dismissal recommendation, the Court must accept all well-pleaded allegations as true and construe them in the plaintiff's favor. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim need only present sufficient factual matter to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## II. SPECIFIC OBJECTIONS TO THE MAGISTRATE'S FINDINGS

### A. The Recommendation Erroneously Rejects Plaintiff's Fourth Amendment Claims

Plaintiff alleges more than 20 arrests without probable cause between Brazos County and College Station officers, all but one, for a traffic violation, resulting in no conviction Dkt. 16, ¶¶ 3–4. He pleads with specificity that the charges in Cause Nos. 21020598, 20014748, 22002148, and 22002149 were dismissed, and that bodycam footage contradicts the arresting officer's claims of assault. *Id.*

Plaintiff has specifically pleaded numerous arrests by CSPD officers that lacked probable cause, including an assault charge fabricated by Officer Sigler that was contradicted by body camera footage. These facts go beyond conclusory allegations and support claims for unlawful seizure, false arrest, and malicious prosecution under the Fourth Amendment.

The Report incorrectly concluded that Plaintiff failed to allege a Fourth Amendment malicious prosecution claim. However, Plaintiff alleged (1) the initiation of criminal proceedings Dkt. 16 at pg. 3 , (2) by officers college station officers, Staler.. *Id.* (3) that terminated in Plaintiff's favor-cases dismissed based on lack of probable cause *Id.* (4) lacked

probable cause *Id.* (5) were motivated by malice-Sigler (Staler) grabbed Galentine and falsely accused him of assault of a public servant and (6) caused significant harm-He was taken into custody and denied employment due to the various booking photos *Id.* . These facts meet the Fifth Circuit's test for malicious prosecution and were disregarded without adequate explanation.

Additionally, the Recommendation improperly disregards the significance of this allegation of video evidence supporting Plaintiff's assertion that officers falsified their reports *Id.* In *Thompson v. Clark,* 596 U.S. 36 (2022), the Supreme Court confirmed that a § 1983 malicious prosecution claim under the Fourth Amendment is actionable where the prosecution ends without a conviction. That standard is met here. Moreover, the law in the Fifth circuit has long held that arrests based on knowingly false allegations support both false arrest and malicious prosecution claims. See *Baker v. Putnal,* 75 F.3d 190, 197 (5th Cir. 1996). Therefore the law was clearly established that both false arrest and malicious prosecution claims were unconstitutional on 2022.

Although Plaintiff alleges that CSPD officers used force in multiple incidents, including an event in which his wrist was fractured during a booking procedure *Id.* The M&R discounts the excessive force claim because it finds no injury plausibly tied to College Station officers Dkt. No. 34 at 12–13, The Complaint expressly attributes excessive force to College Station officers *Id.* ¶¶ 3, 5, 6), and describes physical and psychological harm caused thereby *Id.* However, it is of no consequence since the plaintiff is not making a direct excessive force claim in this case.

The rationale behind the allegations of the use of excessive force against Galentine was to demonstrate his details of the experience that occurred during the years of ongoing harassment as a result of the ongoing failure to supervise, discipline, investigate and implement policies against the harassment that Galentine continued to experience the harassment included excessive force, racial profiling, humiliation, antagonizing, false allegations, BOLO bulletins, false arrest and malicious prosecution. Inactions by Chief Couch and the City of College Station were the moving behind Galintine's constitutional rights being violated including the actual claims against the individual state actors for equal protection and the multiple unlawful arrests.

**C. <u>The Equal Protection Claim was Adequately Pled and Supported by Discriminatory Context</u>**

The Magistrate finds Plaintiff's Equal Protection claim conclusory Dkt. No. 34 at 13–14), but this overlooks substantial factual support of past history and ongoing violations of his equal protection that Plaintiff was subjected to racist slurs his first week at Texas A&M *Id.* Officers arrested him rather than the individuals hurling racial epithets; CSPD and Brazos County officers maintained a years-long pattern of targeting African American individuals *Id.* ¶¶ 5–6); Officers created and distributed a racially motivated BOLO with no criminal basis. This is not shocking and disregarded by the M &R. These facts, if taken as true, meet the FRCP pleading standards for the threshold facts for discriminatory intent against College Station and Brazos county under *Fennell v. Marion ISD,* 804 F.3d 398, 412 (5th Cir. 2015). Galatine was pulled over and detained around the nation and the Texas A&M honor student alleged he lost job opportunities as a result of the harassment that resulted in multiple

booking photos insinuating to employers that he had a troublesome history all based on continued false arrests..

**D. The Recommendation Misapplies First Amendment Retaliation**

The M & R holds that Plaintiff's retaliation claim fails for lack of a retaliatory policy or absence of probable cause Dkt. No. 34 at 15. However, Plaintiff alleges he was arrested after exercising his right to remain silent and walking away from the scene. There are no allegations of evading alleged as concluded in the M&R, this was a notion that not even the defendants considered based on the facts alleged in the complaint. The law does not support probable cause for evading based on the facts alleged. The text of the Tex. Penal Code Ann. § 38.04(a) is plain. It requires proof that an attempted arrest or detention is lawful at the time the person flees [although there was no facts alleged that Mr. Galantine was fleeing at all]. The statute also requires that the officer have lawful authority to attempt an arrest or detention. In that vein, it contains no exceptions or defenses based upon the officer's conduct before or after a person flees the officer's attempt to arrest or detain. Just as evidence that a defendant resisted arrest does not exist before an arrest [ie. no attempted resisting] because the resisting has not yet happened, evidence of evading arrest does not exist before the attempted *arrest* because the evading has not yet happened. *Gilbert v. State*, No. 08-22-00188-CR, 2023 Tex. App. LEXIS 3225 (Tex. App. El Paso May 11, 2023). *Id.* ¶¶ 3–5; Dkt. 29 at 4, 12.

These retaliatory acts, coupled with the lack of probable cause for his arrests establish a viable First Amendment retaliation claim under *Nieves v. Bartlett*, 139 S. Ct. 1715 (2019).

### E. <u>The Monell Claim is Well-Pled Based on Patterns and Policies of Deliberate Indifference</u>

The Recommendation holds that Plaintiff failed to allege a policy or practice that was the "moving force" behind the constitutional violations Dkt. No. 34 at 6–7. This is demonstrably incorrect. Plaintiff alleges that Wayne Dickey the policymaker for Brazos County and Chief Couch was the delegated law enforcement policymaker for the City of College Station; There were no written policies on use of force, arrest documentation, or racial profiling. *Id.* at 6; No officers were disciplined by either agency for any constitutional violations; A racially motivated BOLO bulletin was continuously maintained; Officers falsified reports with no oversight or discipline. *Id* at 5.

These are not generalized grievances, they are direct allegations of deliberate indifference, precisely the basis for Monell liability under *Canton v. Harris,* 489 U.S. 378 (1989); *Ibarra v. Harris County,* 243 F. App'x 830, 836 (5th Cir. 2007).

### F. <u>The Recommendation Improperly Grants Qualified Immunity to Chief Couch</u>

The M & R concludes that Plaintiff failed to identify clearly established law violated by Chief Couch Dkt. No. 34 at 17–18. This law has been clearly established since 2002. *Hope v. Pelzer,* 536 U.S. 730, 741 (2002) requires only that the conduct be "obviously" unconstitutional, not that a factually identical case exist; Chief Couch received multiple complaints Dkt. 19 at 3, 5 and failed to act, establishing deliberate indifference; Plaintiff alleges Couch was personally involved based on his inactions and failure to implement even

basic safeguards against repeated Fourth and Fourteenth Amendment violations that he knew of because Galantine contacted Couch personally to stop the harassment but he did nothing *Id.* at 2. These facts rebut any entitlement to qualified immunity due to Couch's deliberate indifference to his officer's actions towards Galantine that resulted in dismissals based on a lack of probable cause. *Cozzo v. Tangipahoa Par. Council*, 279 F.3d 273, 289 (5th Cir. 2002); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

## III. PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

If this Court determines that Plaintiff's First Amended Complaint is somehow deficient, dismissal with prejudice remains unwarranted. Plaintiff filed a comprehensive Second Amended Complaint, later understandably stricken since it was filed without seeking leave. (see Exhibit A). It expands factual allegations by clearly identifying Officer Rodney Sigler and his role in the arrest based on false information, supplemented Monell theories against Brazos and The City of College Station, elaborates on the retaliatory arrest claim by College Station Police officers when there was no probable cause, but can be for retaliatory arrest under narrow circumstances, confirms that all claims are timely and rooted in continuing violations and details the conspiracy between agencies to cause Mr. Galentine to be detained across the nation by issuing bogus BOLO bulletins for him or his car although he was not wanted or a person of interest for any crime. It further amends out unnecessary claim

Under Rule 15(a), leave to amend should be freely granted when justice so requires. No undue delay or prejudice exists, and the amendment would cure any deficiencies. Rule 15(a) provides that the district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A formal motion" is not always required if the party requesting

amendment has "set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.,* 336 F.3d 375, 387 (5th Cir. 2003). Rule 15(a) "evinces a bias in favor of granting leave to amend," unless there is a substantial reason to deny leave to amend. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597–98 (5th Cir. 1981).

Plaintiff brings claims under § 1983 based on: Fourth Amendment: Unlawful seizure and excessive force; Fourteenth Amendment: Equal protection and due process violations; First Amendment: Retaliation for asserting protected rights; Civil conspiracy: Agreement among defendants to violate constitutional rights. Each of these causes of action is supported by factual allegations in the operative complaint. Plaintiff has alleged a pattern of unconstitutional conduct, personal involvement by Defendant policymakers based on their failures and inactions. Amendment will allow plaintiffs to clarify the claims against the appropriate defendants and dismiss the others and also clarify the facts that lead to the M&R to make conclusions on facts not intended to confuse the claims, for example that the plaintiff was evading arrest. Despite the numerous arrests which may have caused many to flee Plaintiff never attempted to flee rather at all times obeyed the officers commands and went into custody without incident each time. The prosecution ended in Mr. Galeantine's favor after the arrest without probable cause on June 3, 2024. The complaint had a typo of June 3, 2023.

The basis for the dismissal of Brazos County, Officer Stadler (Sigler), and Wayne Dickey be DISMISSED WITH PREJUDICE under Federal Rule of Civil Procedure 41(b) is an extreme sanction at this stage.

Additionally, courts must give a "clear record of delay and aggravating factors," which were missing here, the district court never held a show cause hearing, never warned dismissal with prejudice would result, and never considered lesser sanctions all required under Fifth Circuit precedent. *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015). *Berry v. CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992) (holding that the Fifth Circuit affirms dismissals with prejudice only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile").

Lesser sanctions include: "assessments of fines, costs, or damages against the plaintiff…conditional dismissal, dismissal without prejudice, and explicit warnings. *Thrasher*, 709 F.3d at 514 (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982). *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985); *Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

A dismissal with prejudice is improper unless the case history evidences both "(1) a clear record of delay or contumacious conduct by the plaintiff, and (2) that a lesser sanction

would not better serve the best interests of justice." A petitioner's delay meriting a Rule 41(b) dismissal with prejudice "must be longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." A party's negligence does not make conduct contumacious; rather, "it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 U.S. App. LEXIS 18359, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022) (per curiam) (quoting *McNeal v. Papasan,* 842 F.2d 787, 790, 791 (5th Cir. 1988).

> If Plaintiff fails to comply with this Order, Plaintiff's claims may be subject to dismissal without prejudice for want of prosecution. *See* FED. R. CIV. P. 41(b). Alternatively, if Plaintiff no longer seeks to pursue these claims, he may file a notice of dismissal under FED. R. CIV. P. 41(a).

The claims against the Defendants College Station, Chief Couch, Brazos County, Officer Stadler (now identified as Rodney E. Sigler), and Wayne Dickey should remain or be dismissed only without prejudice to refiling.

## IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant the objection to the Memorandum and Recommendation Dkt. 32 & 34; Deny the Motions to Dismiss Dkt. 20, 25; Alternatively, dismiss the claims without prejudice and grant Plaintiff leave to file a Second Amended Complaint based on the grounds stated herein and served upon the parties; this case remains within the limitations and the amendment would not be futile; and any such further relief to which Plaintiff is entitled.

Respectfully Submitted,
/s/ U.A. Lewis
U.A. Lewis
Lewis Law Group, PLLC
State Bar No. 24076511
P.O. Box 27353
Houston, TX 77227
Tel: (713) 570-6555
Fax: (713) 581-1017
myattorneyatlaw@gmail.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record and defendants via permissible means, and/or E SERVICE on this 24th of July 2025.

***/s/U.A. Lewis***
***U. A. Lewis***