United States District Court
Southern District of Texas
**ENTERED**
March 05, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANAUN GALENTINE, Plaintiff, | § | CIVIL ACTION NUMBER 4:25-cv-00050 |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| CITY OF COLLEGE STATION, *et al*, Defendants. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

The motion by Plaintiff Branaun Galentine for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is denied. Dkt 41.

Altering or amending a judgment under Rule 59(e) is appropriate only when (i) there has been an intervening change in controlling law, (ii) the party seeking relief presents new, previously unavailable evidence, or (iii) relief is necessary to correct a manifest error of law or fact. *Demahy v Schwarz Pharma Inc*, 702 F3d 177, 182 (5th Cir 2012). A motion to alter or amend is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v HydroChem Inc*, 367 F3d 473, 478–79 (5th Cir 2004), citing *Simon v United States*, 891 F2d 1154, 1159 (5th Cir 1990).

At the outset, it's noted that any problems facing Plaintiff at this juncture are wholly of his own making and the failures of his counsel. For example, Plaintiff's second amended complaint was filed without leave and was thus stricken on that basis. See Dkt 27. Later, in response to Plaintiff's inaction, the Magistrate Judge specifically

ordered Plaintiff to (i) file a response to Brazos County's motion to dismiss, and (ii) file proof of service by July 1, 2025. Dkt 30. Plaintiff failed to do so. And even now, eight months later, Plaintiff *still* hasn't filed proof of service. Such conduct demonstrates disregard for proper process, lack of diligence, and inexcusable delay.

Plaintiff complains that he hasn't been granted leave to file a second amended complaint. See Dkt 41 at 8–11. But that proceeds from his own failure to properly request such leave. Indeed, Plaintiff acknowledges that his second amended complaint filed in March 2025 was "understandably stricken since it was filed without seeking leave." Id at 8. And yet, no motion seeking leave to amend ever followed. Plaintiff instead waited months, until after the Magistrate Judge issued her thorough and comprehensive Report and Recommendations, to request leave to amend *in his objections*. See Dkts 36 & 38. To the contrary, under Rule 7(b)(1), filing a motion is the proper method to request such leave. The delayed attempt to seek leave in his objections is thus inadequate. For example, see *Fey v US Bank*, *NA*, 733 F Appx 1002, 1003 (11th Cir 2018) (holding that plaintiff who requested leave to amend in objections to magistrate judge's report and recommendations—despite having "adequate opportunity and time to do so" earlier—failed to properly seek leave to amend).

Beyond that, the motion for reconsideration simply continues to argue about issues resolved in the prior order adopting the Report and Recommendations. Dkt 39. Indeed, the motion itself is *nearly identical* to the two sets of objections previously considered and rejected by prior order. Compare Dkt 41 at 3–12 (motion for reconsideration) with Dkts 36 at 2–11 (objections) & 38 at 2–11 (objections). The *only* substantive difference appears to be the final paragraph on page 11, which is awkwardly copied verbatim, without citation, from *Salas v City of Galena Park*, 2022 WL 1487024, *7 (5th Cir 2022), and offers no explanation of its relevance or application to the facts of this case. See Dkt 41 at 11.

As such, Plaintiff identifies nothing meeting the standards of Rule 59(e) that allows re-argument by way of reconsideration.

The motion by Plaintiff for reconsideration is DENIED. Dkt 41.

SO ORDERED.

Signed on March 5, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge